UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 756 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JULIO CESAR SANCHEZ | ) | |

### Government's Motion *In Limine* Concerning the Admissibility of Public Records at Trial

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, seeking an evidentiary ruling in advance of trial, hereby submits its Motion *in Limine* concerning the admissibility of certain evidence at trial.

### I. Introduction

On November 15, 2007, a grand jury returned an indictment charging the defendant with a violation of 8 U.S.C. § 1326(a) (being found in the United States following removal). Because the defendant has previously been convicted of a crime of violence, he is subject to the enhanced penalty found in 8 U.S.C. § 1326(b)(2). The indictment specifies a removal date in 2006. The defendant's previous removal was documented with a Form I-205, Warrant of Removal/Deportation, that contained the defendant's photograph, signature and right index fingerprint. The I-205 forms, as well as written sworn admissions made by the defendant prior to his 2006 removal, are found in the defendant's Immigration File ("A-file") which is maintained by the Department of Homeland Security, Bureau of Citizenship and Immigration Services. The defendant's A-file was formerly under the control of the

Immigration and Naturalization Service ("INS").[1]  Deportation Officer Brandon Bewick of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), is presently the official custodian of the A-file and will testify at trial concerning certain contents of the A-file.

## II. Admissibility of Documents in the Defendant's "A-File"

The documents in the defendant's A-file chronicle the routine actions, required by law, that the INS and ICE were required to follow in reporting on the defendant's alien status in the United States. Assuming that these documents are properly authenticated, certified and relevant, they are admissible. *See* Fed R. Evid. 803(6) (records of regularly conducted activity); 803(8) (public records and reports); 902(1) (domestic public documents under seal); 902(4) (certified copies of public records); and 902(11) (certified business records). Documents in a defendant's properly certified A-file, including but not limited to I-205s, are public records and require no foundation to be admissible. *United States v. Loyola-Dominguez,* 125 F.3d 1315, 1318 (9th Cir. 1997). *See also United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217-18 (9th Cir. 2002) (deportation documents are admissible to prove alienage under the public records exception to the hearsay rule); *United States v. Contreras*, 63 F.3d 852, 857(9th Cir.1995) ("The I-205 form is hearsay, but is admissible under the public records exception to the hearsay rule. . . . [T]he notation on an I-205 form indicating that an alien has left the country is a routine, objective, indeed mechanical

---

[1] On March 1, 2003, INS functions were restructured under the Homeland Security Act of 2003, Section 402, codified at 6 U.S.C. § 202(3) (the Secretary shall be responsible for carrying out the Immigration enforcement functions vested by statute in, or performed by, the Commissioner of the INS).

recording of an unambiguous factual matter.").

There are two principal reasons why public records are not excludable as hearsay: the presumed *trustworthiness* of public documents prepared in the discharge of official functions, and the *necessity* of using such documents due to the likelihood that a public official would have no independent memory of a particular action or entry where his or her duties require the constant repetition of routine tasks. *United States v. Quezada,* 754 F.2d 1190, 1193 (5th Cir. 1985) (discussing the public records exception in the context of A-file contents). In illegal reentry prosecutions, it is "unquestionable" that it is "absolutely necessary" to prove the government's case through the use of public records in the A-file. *Id.* at 1194. This is so because the sheer number of removals that ICE processes each year makes it "unlikely that the testimony by an INS officer as to the deportation of a particular individual could be based on anything other than recorded observations [on warrants of deportation], with such testimony being merely cumulative to the more reliable written record of deportation." *Id.* at 1194-95.[2]

A-file documents, including but not limited to I-205s, are nontestimonial hearsay and are admissible under the Sixth Amendment analysis of *Crawford v. Washington*, 541 U.S. 36 (2004). *See United States v. Torres-Villalobos,* 487 F.3d 607, 613 (8th Cir. 2007) (citing with approval the following cases); *United States v. Valdez-Maltos,* 443 F.3d 910, 911 (5th Cir. 2006) (warrants of deportation do not constitute testimonial hearsay under *Crawford* and are admissible under Rule 803(8) because the official preparing the warrant has no

---

[2] In 2007, ICE removed a record 276,912 illegal aliens from the United States. *ICE Fiscal Year 2007 Annual Report,* p. iv.

motivation to do anything other than mechanically register an unambiguous factual matter); *United States v. Garcia*, 452 F.3d 36, 41 (1st Cir. 2006) (I-205 forms are nontestimonial and are not subject to confrontation under *Crawford*); *United States v. Cantellano*, 430 F.3d 1142, 1145 (11th Cir. 2005) (same); *United States v. Bahena-Cardenas,* 411 F.3d 1067 (9th Cir. 2005) (same); *United States v. Rueda-Rivera,* 396 F.3d 678 (5th Cir. 2005) (same).

The ten-print fingerprint card, bearing the defendant's fingerprints taken by Deportation Officer Douglas Standerfer on October 23, 2007, is also admissible under Rule 803(8)(B). *See United States v. Sutton,* 337 F.3d 792, 797 (7th Cir. 2003) (fingerprint analysis report, even though it stated *conclusions and opinions* of a fingerprint export, was not excludable as hearsay and was "likely self-authenticating" as long as a witness testified at trial to explain the report); *Garcia,* 452 F.3d at 40-41 (fingerprint card from A-file admissible in illegal reentry trial because sufficiently authenticated); *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000) (a San Diego Police Department fingerprint examiner compared the fingerprints on the I-205 to the fingerprints taken by an INS agent several days before trial); *United States v. Gilbert*, 774 F.2d 962, 964-65 (9th Cir.1985) (the routine act of reporting on fingerprints is no different from inventorying items seized, is ministerial, objective, and non-evaluative and falls within the public records exception of Rule 803(8)(B)).

The defendant's A-file also contains an ICE form entitled *Record of Sworn Statement*. The form advised the defendant of his *Miranda* rights in both English and Spanish and then asked him a series of questions in both English and Spanish. In a document signed by the defendant and dated October 23, 2007, defendant admitted all of the essential elements of

4

proof required to sustain a conviction in this case. The written statements are admissible in this case as public records and as statements of a party opponent pursuant to Rule 801(d)(2)(A). *See Garcia,* 452 F.3d at 40; *United States v. Galindo-Gallegos*, 244 F.3d 728, 732 (9th Cir. 2001) amended at 255 F.3d 1154 ("A defendant's admission that he is an alien, together with a deportation order, suffices to establish alienage.").

### III. Admissibility of Certificate of Non-Existence of Record

The government intends to introduce at trial a Certificate of Non-Existence of Record ("CNER") as proof that the defendant did not obtain permission from the Secretary of the Department of Homeland Security or Attorney General to apply for reentry into the United States after he was deported. This is a required element of the offense. Pursuant to 8 U.S.C. § 1360(d), a CNER is admissible for this purpose. The statute states:

> A written certification signed by the Attorney General or by any officer of the Service designated by the Attorney General to make such certification, that after diligent search no record or entry of a specified nature is found to exist in the records of the Service, shall be admissible as evidence in any proceeding as evidence that the records of the Service contain no such record or entry, and shall have the same effect as the testimony of a witness given in open court.

*See also United States v. Urqhart,* 469 F.3d 745, 748-49 (8th Cir. 2006) (rejecting Confrontation Clause challenge to admission of a CNER); *United States v. Cervantes-Flores,* 421 F.3d 825, 830-34 (9th Cir. 2005) (same in the context of a prosecution for illegal reentry); *Rueda-Rivera,* 396 F.3d at 680 ("The CNR admitted into evidence in this case, reflecting the absence of a record that Rueda-Rivera had received consent to re-enter the United states, does not fall into the specific categories of testimonial statements referred to in *Crawford*. We decline to extend *Crawford* to reach such a document."); *United States v. Mateo-Mendez*,

5

215 F.3d 1039, 1043-44 (9th Cir. 2000) (the government carried its burden of establishing that the defendant did not have permission to reenter the United States by introducing the CNER which was admissible under Rule 803(10), 902(1), and 8 U.S.C. § 1360(d)).

In *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2004), an opinion filed six weeks after the Supreme Court's decision in *Crawford*, the Ninth Circuit upheld the district court's refusal to permit cross-examination about the CNER in the context of the reliability of the INS's record-keeping. Noting that the defendant never claimed that he had applied to reenter the United States, the court found that any examination about the reliability of the INS's record-keeping was "irrelevant on the facts of this case." *Id.* at 1147. In this case, the defendant has admitted in writing that he did not obtain permission from the government to reenter the United States following his removal. In this case, as in *Rodriguez-Rodriguez*, the defendant should not be allowed to cross-examine the government's witnesses about ICE record keeping.

### IV. Admissibility of Documents of the Illinois Department of Corrections

The government may seek to introduce documents from the defendant's "Master Record File" with the Illinois Department of Corrections ("IDOC"). The IDOC is required to create and maintain such a file pursuant to 730 Illinois Compiled Statutes 5/3-5-1. The IDOC is a "business" within the meaning of Rule 803(6) and documents from its files are admissible as an exception to the hearsay rule. *Wheeler v. Sims,* 951 F.2d 796, 802 (7th Cir. 1992); *Stone v. Morris,* 546 F.2d 730, 738 (7th Cir. 1976). This being the case, documents from the IDOC file are self-authenticating pursuant to Fed. R. Evid. 902(11) and need not be introduced in accordance with the more restrictive conditions for self-authentication

found in Rule 901(1) or 902(4).[3] The introduction of evidence pursuant to a 902(11) certificate does not raise *Crawford* concerns any more than does the introduction of an A-file. *See United States v. Ellis,* 460 F.3d 920, 926-27 (7th Cir. 2006) (neither the introduction of business records pursuant to a 902(11) certificate nor the attestation on the certificate itself raise *Crawford* concerns because the records and certificate are nontestimonial).

WHEREFORE, the government respectfully requests that this Court grant its Motion *in Limine* Concerning the Admissibility of Public Records at Trial.

                                      Respectfully submitted,

                                      PATRICK J. FITZGERALD
                                      United States Attorney

By:   s/ Faris J. Hussein
       FARIS J. HUSSEIN
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 353-4156

---

[3] The government has complied with the notice requirement of Rule 902(11) by previously informing defense counsel of its intention to offer evidence pursuant to this rule.

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the Government's Motion *in Limine* Concerning Admissibility of Public Records at Trial was served on April 21, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

*s/ Faris J. Hussein*
FARIS J. HUSSEIN
Assistant United States Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois
(312) 353-4156