UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 756 |
| vs. | ) | |
| | ) | Judge John W. Darrah |
| JULIO CESAR SANCHEZ | ) | |

### Government's Motion in Limine to Admit Evidence of Prior Criminal Convictions if the Defendant Testifies at Trial

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, moves this court to admit evidence of the defendant's prior convictions if he testifies at trial. Specifically, the government respectfully requests that this Court allow the jury to hear, in the event that the defendant testifies at trial, that: (1) he was convicted of Aggravated Battery With a Weapon in January 2006, and was sentenced to three years imprisonment; (2) he was convicted of Manufacture/Delivery of Cocaine in October 2007, and was sentenced to three years probation; (3) he was convicted of Disorderly Conduct in January 2007, and was sentenced to court supervision; and (4) he was convicted of Possession of Cannabis in March 2001, and was sentenced to one year court supervision. Furthermore, the government requests that it be allowed to inquire about the details of those convictions if the defendant attempts to minimize, mischaracterize or explain away those convictions. In support of this motion, the government states as follows.

I.  **Legal Standards**

Fed. R. Evid. 609(a)(1) provides that evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year *shall be admitted* if the court determines that the probative value of admitting such evidence outweighs its prejudicial effect to the accused (emphasis added). Fed. R. Evid. 609(b) provides that evidence of a conviction under this rule is not admissible if more than ten years has elapsed since either the date of conviction, or the date of release of the defendant from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by facts and circumstances substantially outweighs its prejudicial effect.

The Seventh Circuit has established five factors to guide a district court in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect. The court should consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Smith,* 131 F.3d 685, 687 (7th Cir. 1997). These factors are only a guide to the discretion of the district court, and the Seventh Circuit shall intervene only when the record establishes that the district court abused its discretion. *United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004).

The Seventh Circuit urges district courts to make such determinations after a hearing on the record and to explicitly find that the prejudicial effect of the evidence to the defendant will be outweighed by its probative value so that the appellate court easily will be able to determine whether the court followed the strictures of Rule 609 in reaching his decision. *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir. 1976). *Mahone* tells us that the hearing need not be lengthy and need only require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction, with an opportunity by the defense to rebut the government's presentation and point out to the court the possible prejudicial effect to the defendant if the evidence is admitted. *Id.* Consideration of this motion, and any response by the defendant, on the record, would appear to accomplish this.

The Seventh Circuit has repeatedly held that admitting evidence of a defendant's prior convictions was not an abuse of discretion where district courts placed more, or even all, of the emphasis on the importance on the fourth and fifth factors, especially where the testimony of the defendant directly contradicts the testimony of other witnesses. *See United States v. Gant,* 396 F.3d 906, 910 (7th Cir. 2005) ("Moreover, given Gant's theory of the case, his credibility was a crucial part of the trial. Gant's testimony that he possessed a pipe, not a firearm, directly contradicted the testimony of government witnesses. . . ."); *Montgomery,* 390 F.3d at 1015-16 (Not an abuse of discretion for the district court to allow the government to introduce evidence of six prior convictions, and noting that the district court stated

3

that the fifth factor, the centrality of credibility, was the "crux of the case in light of the conflicting testimony. . . ."); *Smith,* 131 F.3d at 687; *United States v. Nururdin,* 8 F.3d 1187, 1192 (7th Cir. 1993) (The trial court did not abuse its discretion when it "explicitly relied on the fourth and fifth factors: the importance of the defendant's testimony, and the centrality of the credibility issue.").

**II.　Analysis**

If the defendant testifies in this case, it would likely be for the primary purpose of contradicting the testimony of one or more government witnesses with respect to the evidence of his guilt.[1] In order to be helpful to him, his testimony would have to contradict that of the government's witnesses or evidence with respect to the defendant's alienage, his prior removal from the United States, or whether the Secretary of the Department of Homeland Security or the Attorney General had expressly consented to his reapplying for readmission. This is precisely the scenario under which admission of a defendant's prior convictions is most appropriate – where the defendant's credibility is central to the case.

The fact that a prior conviction does not involve dishonesty or false statement does not make it inadmissible. The government seeks to introduce evidence of the convictions pursuant to Fed. R. Evid. 609(a)(1) which addresses prior felony convictions, not pursuant to Fed. R. Evid. 609(a)(2) which addresses prior convictions for dishonesty or false statement regardless of whether or not the convictions are

---

[1] Another purpose of the defendant's testimony could be to encourage jury nullification, the subject of another motion *in limine* by the government.

felonies. *See Nururdin,* 8 F.3d at 1192 (a prior felony need not have involved "inherent dishonesty" to be probative and admissible under Fed. R. Evid. 609(a)(1)).

### III. It is Permissible to Reveal the Name, Date and Disposition of the Prior Convictions

When impeaching with prior convictions, it is appropriate to reveal the name of the offense, the date of the offense and the penalties imposed. *United States v. Smith,* 454 F.3d 707, 716 (7th Cir. 2006) (the government may identify the particular felony charged, the date, and the disposition of a prior conviction for impeachment purposes); *United States v. White,* 222 F.3d 363, 370 (7th Cir. 2000); *Smith,* 131 F.3d at 687 (The district court did not abuse its discretion by admitting the titles of Smith's prior convictions); *United States v. Fountain,* 768 F.2d 790, 804-805 (7th Cir. 1985) ("Only the name of the crime, the time and place of conviction, and the punishment are admissible for the purposes of Rule 609.") (citations omitted).

In the event that the defendant testifies and the government is allowed to impeach him with the prior convictions, but then the defendant tries to minimize, mischaracterize, or explain away his convictions, the government should be able to inquire into the details, *United States v. Douglas,* 408 F.3d 922, 929 (7th Cir. 2005), although the government is aware that such an open door is not a "license to dwell on the details of the prior convictions and shift the focus of the current trial to the defendant's prior bad acts." *Id. (quoting United States v. Robinson,* 8 F.3d 398, 409 (7th Cir. 1993)).

Finally, any prejudicial effect that the introduction of the prior felony convictions could have would be overcome by giving the jury a limiting instruction such as Seventh Circuit Federal Jury Instruction 3.05. *See Montgomery* at 1016; *Nururdin* at 1192; *Smith,* 131 F.3d at 687.

WHEREFORE, the government respectfully requests that this Court allow the jury to hear, in the event that the defendant testifies at trial, the names and dates of the defendant's four felony convictions, and the sentences imposed in connection with those convictions. Furthermore, the government respectfully requests that it be allowed to inquire about the details of those convictions if the defendant attempts to minimize, mischaracterize or explain away those convictions.

    Respectfully Submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: *s/ Faris J. Hussein*
    FARIS J. HUSSEIN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4156

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the Government's Motion in Limine to Admit Evidence of Prior Criminal Convictions if the Defendant Testifies at Trial was served on April 21, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

*s/Faris J. Hussein*
FARIS J. HUSSEIN
Assistant United States Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois
(312) 353-4156
