UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 756 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JULIO CESAR SANCHEZ | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, Eastern Division, respectfully submits the following

proposed jury instructions concerning defendant Julio Cesar Sanchez.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By:    *s/ Faris J. Hussein*
CLIFFORD C. HISTED
FARIS J. HUSSEIN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4156

Dated: April 29, 2008

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

[You should judge a defendant's testimony in the same way that you judge the testimony of any other witness.]

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

Defendant Julio Cesar Sanchez is charged with the offense of being present and found in the United States, having previously been deported and removed from the United States on or about September 18, 2006, without having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States.

The defendant has pleaded not guilty to the charge.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 2.01

The defendant is presumed to be innocent of the charges.  This presumption continues during every stage of the trial and your deliberations on the verdict.  It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.  The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case.  A defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.03

A defendant has an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 3.01

You have heard evidence of statements said to be made by the defendant before trial.  You must decide whether the defendant did in fact make the statements.  If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve.  In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements were made.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 3.02 (modified)

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the question of the defendant's identity and the question of whether the defendant was found in the United States after having been deported or removed from the United States. You should consider this evidence only for these limited purposes.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.04 (modified)

You have heard evidence that the defendant has been convicted of a crime.  You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all.  You may not consider it for any other purpose.  A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.05

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 3.07

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with the witness' testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness' testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1999) 3.09

A statement made by a defendant before trial that is inconsistent with his testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the defendant's testimony in this trial.

GOVERNMENT INSTRUCTION NO.  16

Seventh Circuit Committee (1999) 3.10

To sustain the charge of being found in the United States having previously been deported and removed from the United States, as charged in the indictment, the government must prove:

First, that on or about the date charged in the indictment, the defendant was an alien;

Second, that the defendant previously had been deported or removed from the United States;

Third, that the defendant was found in the United States after the deportation or removal identified in the indictment; and

Fourth, that after the defendant's deportation or removal from the United States, the Secretary of the Department of Homeland Security had not given its express consent for the defendant to reapply for admission into the United States.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 17

8 U.S.C. § 1326(a)

*United States v. Villarreal-Tamayo,* 467 F.3d 630, 631 (7th Cir. 2006) (modified)

*United States v. Rodriguez-Gomez,* 08 CR 6 (Andersen, J.)

The indictment charges that the offense was committed "on or about" a certain date.  The government must prove that the offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee (1999) 4.04

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 19

*United States v. Woods*, 06 CR 561 (St. Eve, J.)

*United States v. Demerjian*, 98 CR 789 (Zagel, J.)

*United States v. Dawson*, 92 CR 1084 (Kocoras, J.)

*United States v. Lin*, 02 CR 81 (Gottschall, J.)

*United States v. Trevino*, 90 CR 799 (Aspen, J.)

Some of you have chosen to take notes during the trial. For those of you who have done so, you are instructed that such trial notes are only aids to your memory and are not conclusive. They should not be given precedence over your independent recollection of the evidence. Nor should any other juror be unduly influenced by the fact that one or more jurors have taken notes. Because note taking is a special skill, the fact that any juror has taken notes does not entitle the memory or impression of that juror to any greater weight than the memory or impression of any other juror who may not have taken notes.

GOVERNMENT INSTRUCTION NO. 20

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict have been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1999) 7.01

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the Marshal.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 23

Seventh Circuit Committee (1999) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 756 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JULIO CESAR SANCHEZ | ) | |

## **V E R D I C T**

We, the jury, find defendant Julio Cesar Sanchez

GUILTY _____          NOT GUILTY _____

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____
Date

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the

<u>Government's Proposed Jury Instructions</u> was served on April 29, 2008, in accordance

with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic

Case Filing (ECF) pursuant to the district court's system as to ECF filers.

<u>s/Faris J. Hussein</u>
FARIS J. HUSSEIN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois
(312) 353-5300
