<p></p>

07 CR 756 - 1

USA v. Julio Cesar Sanchez

Jury Instructions

Judge Darrah


FILED
MAY 7 2008
May 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

You are instructed that an alien who is subject to an order of deportation may designate one country to which the alien wants to be deported. The Department of Homeland Security shall remove the alien to the country the alien so designates. However, an alien may designate a foreign territory contiguous to the United States as the place to which he is to be deported only if the alien is a or national of, or has resided in, that designated territory. If the alien is not a native, citizen or subject of the designated territory, the Department of Homeland Security shall remove the alien to a country of which the alien is a subject, national, or citizen.



8 U.S.C. § 1231(b)(2)
See Jama v. Immigration and Customs Enforcement, 543 U.S. 335 (2005)

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness. In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all the evidence in the case.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Defendant Julio Cesar Sanchez is charged with the offense of being present and found in the United States, having previously been deported and removed from the United States on or about September 18, 2006, without having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States.

The defendant has pleaded not guilty to the charge.

The defendant is presumed to be innocent of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. A defendant is never required to prove his innocence or to produce any evidence at all.

A defendant has an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have heard evidence of statements said to be made by the defendant before trial. You must decide whether the defendant did in fact make the statements. If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements were made.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

To sustain the charge of being found in the United States having previously been deported and removed from the United States, as charged in the indictment, the government must prove:

First, that on or about the date charged in the indictment, the defendant was an alien;

Second, that the defendant previously had been deported or removed from the United States;

Third, that the defendant was found in the United States after the deportation or removal identified in the indictment; and

Fourth, that after the defendant's deportation or removal from the United States, the Secretary of the Department of Homeland Security had not given its express consent for the defendant to reapply for admission into the United States.

An alien is a person who is not a natural-born or naturalized citizen or national of the United States.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

The indictment charges that the offense was committed "on or about" a certain date. The government must prove that the offense happened reasonably close to that date but is not required to prove that the alleged offense happened on that exact date.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. A form of verdict have been prepared for you. [Form of verdict read.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the Marshal.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA   )
                           )  No. 07 CR 756
         v.                )
                           )  Judge John W. Darrah
JULIO CESAR SANCHEZ        )

## VERDICT

We, the jury, find defendant Julio Cesar Sanchez

GUILTY _____          NOT GUILTY _____

_____

**FOREPERSON**

_____   _____

_____   _____

_____   _____

_____   _____

                             _____
                             Date